UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE TOWNHOMES AT FISHERS POINTE HOMEOWNERS ASSOCIATION, INC., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 1:23-cv-00475-TWP-MG |
| DEPOSITORS INSURANCE COMPANY, ) ) | |
| Defendant. ) | |

### ORDER ON DEFENDANT'S MOTION TO ENFORCE CONFIDENTAL SETTLEMENT AGREEMAND AND PLAINTIFF'S CROSS MOTION TO ENFORCE MEDIATION SETTLEMENT AGREEMENT

Pending before the Court is Defendant's Motion to Enforce Confidential Settlement, [Filing No. 99], and Plaintiff's Cross Motion to Enforce Mediation Settlement Agreement. [Filing No. 100.] Following a successful private mediation the parties signed a "Contingent Mediation Settlement Agreement" which memorialized the basic terms of their settlement contingent upon the approval of Plaintiff's "HOA" (i.e. Board). Thereafter Defendant provided Plaintiff with a draft release agreement that included a confidentiality provision. A disagreement arose after Plaintiff's counsel removed the confidentiality provision, contending that confidentiality was neither discussed nor agreed upon at mediation. Both parties now move to enforce their Contingent Mediation Settlement Agreement, [Filing No. 101-1], and advance conflicting perspectives on whether the Agreement should be enforced as confidential.

## I.
### BACKGROUND

Plaintiff The Townhomes at Fishers Pointe Homeowners Association, Inc. ("HOA") was an insured under a policy issued by Defendant Depositors Insurance Company, Policy No. ACP BPHD3028521644 ("the Policy"), with effective dates of January 15, 2020, to January 15, 2021. [Filing No. 58-1 at 2.] On April 8, 2020, a hailstorm damaged The Townhomes at Fishers Pointe,

("the Townhomes"), a condominium complex in Fishers, Indiana, which was an insured location under the Policy. [Filing No. 25 at 3.] That next month, Defendant received notice of the damage. *Id*. Conflict ensued thereafter, as the HOA disagreed with Defendant's estimate and requested appraisal. [Filing No. 58-2 at 6.] In February 2023, the HOA filed suit against Defendant. [Filing No. 6-2 at 2.] While litigating this case, the parties participated in a settlement conference in April 2024, which did not produce a settlement. [Filing No. 61.] A subsequent settlement conference was scheduled and vacated. [Filing No. 84.] A third settlement conference was scheduled for May 9, 2025, but was vacated after the parties agreed to submit the dispute to mediation. [Filing No. 96.] Mediation was successful and the parties signed a Contingent Mediation Settlement Agreement ("the Agreement"), [Filing No. 101-1], which obligated Defendant to provide settlement proceeds once Plaintiff delivered an executed full release of all claims. The Agreement was made contingent on formal Board approval. *Id*.

On or around April 30, 2025, the Board formally approved the settlement. [Filing No. 99-3 at 5.] That same day, counsel for Defendant drafted a release agreement memorizing the terms in the Contingent Agreement as well as additional terms. [Filing No. 99-3 at 4; Filing No. 101-3.] This drafted agreement contained a confidentiality provision, which Plaintiff objected to. [Filing No. 99-3.] In support of its objection, Plaintiff noted that confidentiality was neither discussed nor agreed upon at mediation. *Id*. And while the confidentiality provision had been proposed during the April 2024 settlement conference, it was not a term that had been agreed upon and that conference did not yield a settlement. Plaintiff thus believed the parties had "negotiated from a clean slate" at mediation. *Id*. at 2. Conversely, Defendant asserted that the settlement terms— including confidentiality—were non-negotiable and had not changed since the outset of litigation, and thus, the "full release" term in the Contingent Agreement encompassed confidentiality.

2

## II.
### STANDARD OF LAW

"[A] district court has the inherent authority to summarily enforce a settlement agreement." *Sims-Madison v. Inland Paperboard and Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004). A settlement agreement in a federal case is "just like any other contract." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). A settlement agreement is a contract that is enforceable under ordinary state law contract principles. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). "Indiana strongly favors settlement agreements," and "if a party agrees to settle a pending action, but then refuses to consummate his settlement agreement, the opposing party may obtain a judgment enforcing the agreement." *Georgos v. Jackson*, 790 N.E.2d 448, 453 (Ind. 2003).

## III.
### DISCUSSION

The dispute between the parties is narrow: Both parties seek enforcement of their mediation agreement but diverge as to their interpretation of the phrase "full release." According to Defendant, it has maintained throughout litigation that any settlement reached must be confidential. Defendant asserts Plaintiff was aware of this hard line because: (1) the parties' unsigned first draft settlement agreement included a confidentiality provision. and (2) counsel for the HOA previously negotiated an agreement with Defendant's affiliate that included a confidentiality provision. Defendant contends that Plaintiff's counsel "understood the standard practice of [Defendant] and its affiliates [was] to include confidentiality," and thus the agreement should be enforced as confidential. [Filing No. 99 at 6.] Plaintiff counters that the unambiguous agreement should not be unilaterally, after-the-fact amended to include a new, material term like confidentiality.

3

Context is instructive here. Evidence submitted by Defendant shows that confidentiality was disputed during the pendency of this case. For example, in anticipation of the September 2024 settlement conference, Defendant submitted its confidential settlement statement to the Magistrate Judge's chambers email. In addition to its settlement statement, counsel for Defendant attached a draft settlement agreement that included Plaintiff's tracked changes, which *eliminated* the proposed confidentiality provision. Defendant's counsel noted that the track changes were not acceptable to Defendant. [*See* Filing No. 99-1 at 4–5.] While it may be true that Defendant never wavered in its demand for a confidential settlement, context reveals that the parties did dispute confidentiality. This cuts against Defendant's assertion that "[t]he confidentiality of any potential settlement between the parties was not in question." [Filing No. 99 at 6.]

As to the parties' negotiations during mediation, Plaintiff states that confidentiality was never discussed. Defendant does not dispute this, but instead insists that confidentiality was already agreed to, and Plaintiff at no time during the mediation sought the removal of confidentiality from Defendant's required terms. *Id*. It is perplexing that Defendant assumed, following an unsuccessful settlement conference, two vacated settlement conferences, and years of litigation, that the parties had agreed on the essential terms of settlement, or that Defendant's version of the essential terms took precedence. Ultimately, Defendant failed to include a term of confidentiality as part of the negotiations at mediation and failed to include it in the parties; signed mediation settlement agreement. The Court will not read into the parties' agreement a material term not memorialized in their agreement. See *Sims v. Childers*, No. 1:22-cv-2000, 2024 WL 967746, at *2 (S.D. Ind. Feb. 23, 2024) (stating that a confidentiality as a "material term[]"); *see also Ellison v. Nisource, Inc.*, No. 2:15-cv-59-TLS, 2016 WL 782857, at *2 (N.D. Ind. Feb. 29, 2016) (same). That Plaintiff's counsel negotiated a confidential agreement with Defendant's affiliate is inapposite. It was incumbent on Defendant to negotiate for a confidentiality provision

4

during *this* mediation. *See Centennial Mortg., Inc. v. Blumenfeld*, 745 N.E.2d 268, 277 (Ind. Ct. App. 2001) ("A court does not examine the hidden intentions secreted in the heart of a person; rather it should examine the final expression found in conduct."). No confidentiality term was included in the agreement; thus, the parties' agreement will not be enforced as confidential.

### III.
### CONCLUSION

For the reasons stated above, Defendant's Motion for Enforce Confidential Settlement, [Filing No. 99], is **DENIED**, and Plaintiff's Cross Motion to Enforce Mediation Settlement Agreement, [Filing No. 100], is **GRANTED**. Defendant is **ORDERED** to sign the release agreement without a confidentiality term **within seven days of this Order**.

Date: 8/28/2025

_____
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:
To ECF Counsel of Record

5